UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**CORTNEY WALLACE,**

    Plaintiff,

v.

**CLUB CLIMAXXX INC.,** a Florida corporation, **NIGHTLIFE SOLUTIONS INC.**, a Florida corporation,

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, CORTNEY WALLACE, by and through the undersigned counsel and on behalf of all those similarly situated, (hereinafter as "Plaintiff"), hereby brings this action against Defendants, CLUB CLIMAXXX INC. and NIGHTLIFE SOLUTIONS INC., individually, (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").  Plaintiff seeks unpaid minimum wages, unpaid overtime wages, liquidated damages, reasonable attorney's fee and costs from Defendants.  Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly employed by Defendant or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1.  This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*  The Court has

jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

**VENUE**

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Miami-Dade County, Florida, and the Defendants are Florida corporations who transact business in Miami-Dade County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

**PARTIES**

3. Plaintiff is an individual residing in the County of Miami-Dade, State of Florida. Plaintiff became employed and hired by Defendants on or about April 16, 2016, and worked for Defendant as an "Exotic Dancer" until approximately June 29, 2017.

4. At all times material, Plaintiff was an employee of Defendants within the meaning of the FLSA.

5. Defendant, CLUB CLIMAXXX INC is a Florida corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

6. Defendant, NIGHTLIFE SOLUTIONS INC., is a Florida corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

7. Plaintiff was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

8. Throughout Plaintiff's employment with Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

9. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

10. The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendants who worked on or after July 12, 2014, and who were not paid at least the minimum wage and worked overtime hours but did not receive time-and-a-half wages for such overtime hours.

11. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

12. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during Plaintiff's employment with Defendants.

13. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants.

14. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to them nor did they pay the minimum wage.

15. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

## COUNT I
## FEDERAL MINIMUM WAGE

16. Plaintiff, CORTNEY WALLACE, realleges and incorporates herein the allegations contained in paragraphs 1-16.

17. Plaintiff is entitled to be paid at a rate of at least the minimum wage for each hour worked in each work week.  All similarly situated employees are similarly owed their minimum wages for each hour they worked and were not properly paid.

18. The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by Defendants.

19. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to Plaintiff) have suffered damages plus incurring costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, CORTNEY WALLACE, demands judgment against the Defendants, jointly and severally, for the following:

    (a)    Unpaid minimum wages found to be due and owing;

    (b)    An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

    (c)    Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and

(e)     Such other relief as the Court deems just and equitable.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff, CORTNEY WALLACE, re-alleges and incorporates herein the allegations contained in paragraphs 1-16.

21. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess for Forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

22. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to Plaintiff) have suffered damages plus incurring costs and reasonable attorney's fees.

23. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to Plaintiff) are entitled to liquidated damages.

24. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff CORTNEY WALLACE, and those similarly situated to Plaintiff who opt into this action, demand judgment against the Defendants, jointly and severally, for the following:

(a)     Unpaid overtime wages found to be due and owing;

(b)     An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c) A reasonable attorney's fee and costs; and

(d) Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

25. Plaintiff demands a jury trial on all issues so triable.


DATED:  July 11, 2017

MILITZOK LAW, P.A.
*Attorney for Plaintiff*
Wells Fargo Building
4600 Sheridan Street, Suite 402
Hollywood, Florida 33021
(954) 780-8228 - Telephone
(954) 719-4016– Facsimile
bjm@militzoklaw.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993
