## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement ("Agreement") is made and entered into on the date of signature of the last signee, by and between Plaintiffs LYNDA ONYEHEHO, MYCIA BURDEN, and JESSICA PIERRE ("Plaintiffs") and Defendants J.A.W. ENTERTAINMENT, INC. and JOE LONG (collectively as "Defendants"). Plaintiffs and Defendants may hereinafter be referred to collectively as the "Parties".

### RECITALS:

**WHEREAS,** Plaintiffs filed a Complaint in the United States District Court for the Southern District of Florida against Defendants having Case No. 17-cv-22585-UU (the "Action");

**WHEREAS,** Defendants deny the allegations contained in the Complaint in the Action and further denies any liability to Plaintiffs;

**WHEREAS,** for purposes of avoiding costly litigation and in order to reach an amicable resolution of the claims and disputes by and among the Parties, the Parties desire to reach a final settlement of any and all claims or causes of action which any one of them may have had or may now have against any other.

**WHEREAS,** the Parties desire to fully and finally resolve all claims, counterclaims, appeals, third-party claims and all other claims brought, or which could have been brought, in the Action.

**NOW THEREFORE,** in consideration of the foregoing and the mutual covenants and agreements contained herein, the Parties agree as follows:

1.   **Representations and Warranties**. Each Party represents, warrants, covenants and agrees that the Recitals are true and correct.

2.   **No Admission of Liability**: The Parties agree to amicably settle all disputes between them. The Parties hereto understand that this Agreement is a full and complete compromise of all disputed claims, both as to the questions of liability and damages, including liquidated damages, and without an admission of liability or wrongdoing by any of the Parties, any such

1

liability or wrongdoing being expressly denied.

3.  **Consideration**:  Defendants shall pay the total amount of One Hundred and One Thousand
Dollars ($101,000.00), as follows:

    a.  The breakdown of the settlement proceeds identified in Paragraph 3, above, shall be:

        i.  Thirty-Two Thousand Dollars ($32,000.00) via IRS Form 1099 to
Plaintiff Lynda Onyeneho for damages, and shall be made by the end
of day on September 1, 2018;

        ii.  Twenty-Four Thousand Dollars ($24,000.00) via IRS Form 1099 to
Plaintiff Jessica Pierre for damages, and shall be made by the end of
day on September 1, 2018;

        iii.  Twenty-One Thousand Dollars ($21,000.00) via IRS Form 1099 to
Plaintiff Mycia Burden for damages, and shall be made by the end of
day on September 1, 2018;

        iv.  Twenty-Four Thousand Dollars ($24,000.00) to Militzok Law, P.A. for
attorney's fees and costs of litigation, and shall be made by the end of
day on September 1, 2018.

    b.  The payments identified in Paragraph 3(a), above, shall be payable by check or wire to
Militzok Law, P.A. Trust Account;

4.  **Failure to Make Payment**.  Should any payment not be made in a timely manner, as defined
in Paragraph 3(a) above, and after providing counsel for Defendant, Anthony Perez, Esq., with
written notice, and after a five (5) day period to cure the deficiency, Plaintiffs will be entitled
to an *Ex Parte* Final Judgment in the total amount of One Hundred and One Thousand Dollars
($101,000.00), less any payments already made.

5.  **Confidentiality**:  The Parties, their counsel and representatives acknowledge and agree that
the terms of this Agreement shall be held confidential and shall not be disclosed to any third

parties except as required by law.

6. **Release of Claims**.  In consideration of the foregoing, and subject to the terms of this Agreement and to the carve-out provision as set forth in Paragraph 7 of this Agreement, on the Effective Date, the Parties agree to mutually release and hold harmless, now and forever, all claims against each other individually, and also from corporate claims as to Defendant J.A.W. Entertainment, Inc., that any party may have or have had in the past, known or unknown, against them upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this release, including, without limitations, all claims for attorneys' fees and costs, payments, wages, charges, benefits, actions and causes of action with respect to, arising from Plaintiffs' work or employment with Defendants, as well as from all claims for personal injury, actual or potential, to the date of this Agreement or otherwise, other than claims Plaintiffs may have to payment of vested benefits (if any) under the terms of Defendants' qualified pension plans, if any, as amended from time to time.  The claims released pursuant hereto, include, but are not limited to, claims arising under any federal, state or local statute, including, without limitation, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq., the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq., the Equal Pay Act, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq., the Florida Human Rights Act of 1992, Florida Stat. § 760 et seq., the Family and Medical leave Act of 1993, the Fair Labor Standards Act, the Florida Law Prohibiting Employment Discrimination on the Basis of Sickle Cell Trait, and all other statutes regulating the terms and conditions of employment, regulation or ordinance, under the common law or in equity (including any claims for wrongful discharge, negligent or intentional infliction of emotional distress, fraud or any other unlawful behavior, the existence of which is denied by Defendants or otherwise), or under

3

any policy, agreement, understanding or promise, written or oral, formal or informal, between Plaintiffs and Defendants. In consideration of this Agreement the Plaintiffs waives any and all rights they may have under these laws as to all events which have occurred prior to the date of this Agreement, whether known or unknown to them and acknowledge that Defendants have not discriminated against Plaintiffs; (b) breached any contract with Plaintiffs; (c) committed any civil wrong (tort) against Plaintiffs; violated their rights under the Fair Labor Standards Act, or under Florida Law; or (d) otherwise acted unlawfully toward Plaintiffs.

7.     **Release of Claims Carve-Out**. Specifically exempted from the Release of Claims, Paragraph 6 of this Agreement, are potential claims against Defendants and/or additional parties, relating to alleged incidents which occurred between Defendants and/or Jessica Pierre and/or Mycia Burden, involving sexual harassment and/or retaliation and/or negligent hiring and/or negligent retention and/or civil assault and/or civil battery and/or all other causes of actions stemming from the incidents occurring during the period of time that Jessica Pierre and/or Mycia Burden worked or performed at Defendant's nightclub. Any such claims as identified in this Paragraph are specifically carved-out and exempted from the Release of Claims (Paragraph 6) of this Agreement and are expressly agreed by the Parties that these claims are not subject to the Release of Claim, Paragraph 6 of this Agreement.

8.     **Entire Agreement**. This Settlement Agreement contains the entire agreement between the Parties, and the terms of this Settlement Agreement are contractual and not a mere recital. Except as provided by the terms of this Agreement, all prior discussions, negotiations, understandings, and agreements between the Parties as to any rights or claims of any party hereunder shall be deemed to be merged into this Settlement Agreement and to be superseded by the terms of this Settlement Agreement. This Settlement Agreement may only be amended or changed by a written agreement signed by the Parties.

9.     **Drafting of the Agreement**. All provisions (and all parts of all provisions) of this Settlement

4

Agreement shall be resolved, construed and interpreted according to the plain meaning of the provision. No interpretation-against-drafter rule of construction shall apply to this Agreement, the form and contents of which has been reviewed and approved by respective counsel for the Parties.

10.    **Counterparts**. This Settlement Agreement may be executed in counterparts. Each counterpart shall be deemed to be an original. All counterparts shall constitute but a single Settlement Agreement. Any executed counterpart returned by fax shall be deemed an original executed counterpart.

11.    **Representations**.   The Parties each hereby represent and warrant that none of them has assigned, transferred, or otherwise conveyed or purported to assign, transfer or convey to any person or entity any of the rights, remedies, causes of action, claims or demands for damages that they have asserted or could have asserted in the Action.

12.    **Severability**. Except as otherwise provided herein, should any provision of this Agreement be declared void, violable, illegal, unconscionable or unenforceable by any court of competent jurisdiction, this shall not affect the remainder of the Agreement in any manner, which shall remain in full force and effect.

13.    **Covenant to Not Sue**.  The Parties represent that they agree to waive any right either Party had or has against the other and otherwise covenant not to sue said Party.

14.    **Governing Law and Venue**.  This Agreement shall be construed and governed in accordance with the laws of the State of Florida (without regard to its choice of law provisions) and subject to the exclusive jurisdiction of the Florida federal and state courts.  Venue shall lie exclusively in the state or federal courts of Miami-Dade County, Florida.

15.    **Attorneys' Fees**.  Unless otherwise stipulated in this Agreement, each party hereto shall bear their own attorneys' fees and costs in this litigation.  In the event of a breach of any of the provisions of this Agreement, the breaching party shall pay the reasonable attorney's fees and

expenses of the non-breaching party incurred as a result of the breach.  The Court shall retain jurisdiction to enforce the terms of this Agreement.

16.   **Understanding of Agreement**.  This Agreement, consisting of six (6) pages (including the signature page), is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

**PLAINTIFFS:**

_____   08/01/2018
LYNDA ONYENEHO


_____
JESSICA PIERRE


_____
MYCIA BURDEN



**DEFENDANTS:**


By:_____
J.A.W. ENTERTAINMENT, INC.


_____
Print Name


Title:_____


_____
JOE LONG

**PLAINTIFFS:**

_____
LYNDA ONYENEHO

_____
JESSICA PIERRE

_____
MYCIA BURDEN

**DEFENDANTS:**

By:_____
J.A.W. ENTERTAINMENT, INC.

_____
Print Name

Title:_____

_____
JOE LONG

7

**PLAINTIFFS:**

---

LYNDA ONYENEHO

---

JESSICA PIERRE

*Mycia D. Burden*
MYCIA BURDEN

**DEFENDANTS:**

By:_____
J.A.W. ENTERTAINMENT, INC.

---

Print Name

Title:_____

---

JOE LONG

7

**PLAINTIFFS:**

_____

LYNDA ONYENEHO

_____

JESSICA PIERRE

_____

MYCIA BURDEN

**DEFENDANTS:**

By:_____
J.A.W. ENTERTAINMENT, INC.

JOSEPH LONG
Print Name

Title: PRESIDENT

_____
JOE LONG

7