UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:17-cv-22585-UU

CORTNEY WALLACE, *et al.*,

    Plaintiff,
v.

CLUB CLIMAXXX INC., *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs Mycia Burden, Lynda Onyeneho, and Jessica Pierre's Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice. D.E. 138. The Court has considered the Motion and the pertinent portions of the record, the terms of the settlement agreement, and is otherwise fully advised in the premises.

FLSA claims may only be released upon the approval of the Court or the Secretary of Labor. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Courts will approve a settlement if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provision." *Id.* at 1354. Courts look to various factors to determine reasonableness, including "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [plaintiff's] success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement." *Leverso v. SouthTrust Bank of Al., Nat. Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that a counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a

settlement agreement. *Silva v. Miller*, 307 F.App'x 349, 351 (11th Cir. 2009); *see McHone v. Donal P. Hoekstra Plumbing, Inc.*, 2010 WL 4625999, *1 (S.D. Fla. Nov. 4, 2010) (denying motion to approve FLSA settlement providing for $3,500 in fees and $1,000 in damages).

The Court finds that the division of fees – $77,000 for Plaintiffs and $24,000 in attorney's fees and costs is reasonable and that the settlement is a fair and reasonable arm's-length agreement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1352-53. Accordingly, it is hereby

ORDERED AND ADJUDGED that Parties' Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice, D.E. 138, is GRANTED. The Court will retain jurisdiction to enforce the settlement agreement until **November 13, 2018**. However, the Court will not enforce the confidentiality provision. It is further

ORDERED AND ADJUDGED that, as all Plaintiffs have now settled their claims, the action is DISMISSED WITH PREJUDICE. The case remains closed.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE

cc:  counsel of record via cm/ecf